**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ATLAS COMMODITIES, L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:15-CV-00005** |
| | § | |
| **DANIEL CROSBY and LEGEND ENERGY ADVISORS, L.L.C.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Defendants Daniel Crosby ("Crosby") and Legend Energy Advisors, L.L.C. ("Legend") move to dismiss all claims against them[1] pursuant to Fed. R. Civ. P. 12(b)(6) and accordingly file this memorandum of law in support of their motion to dismiss (the "Memorandum").

## I. PROCEDURAL HISTORY

Plaintiff filed its Original Petition against Defendants on May 30, 2014 in the 190th Judicial District Court of Harris County, Texas, *Plaintiff's Original Petition,* which is attached as *Exhibit E* to *Defendant's Notice of Removal* ("Notice of Removal"). Plaintiff did not serve Defendants with process for another seven months. *Declaration of Daniel Crosby* ("Crosby Declaration"), which is attached as *Exhibit D* to Notice of Removal. Approximately five months after filing its Original Petition, Plaintiff amended its petition, on October 14, 2014, and filed its

---

[1] In *Plaintiff's First Amended Petition*, Plaintiff sues Daniel Crosby and Legend Energy Advisors, L.L.C. for: breach of fiduciary duty (paragraphs 18-22), unfair competition (paragraphs 23-24), unjust enrichment (paragraphs 25-27), tortious interference with business relations (paragraphs 28-29), violation of the Texas Uniform Trade Secrets Act (paragraphs 43-44); and additionally sues Daniel Crosby independently for: negligence (paragraphs 30-33), and gross negligence (paragraphs 34-42). Plaintiff also seeks a Declaratory Judgment that it does not owe Crosby wages (paragraphs 45-46).

First Amended Petition. *Plaintiff's First Amended Petition*, which is attached as *Exhibit F* to the Notice of Removal. Defendants were first served with process on December 15, 2014. *Crosby Declaration* at ¶ *3-4.* Defendants' jointly removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 on January 5, 2015. *See Defendant's Notice of Removal.* As set forth below, all claims against Defendants should be dismissed *with prejudice* because after two attempts to plead, Plaintiff cannot state a claim for which relief may be granted.

## II. BRIEF FACTUAL BACKGROUND

Plaintiff is an energy broker. *Plaintiff's First Amended Petition,* ¶7. Atlas acts as an intermediary between energy suppliers and energy consumers, receiving a brokerage commission for its services. *See id.* Crosby was hired by Plaintiff in October 2012. Crosby was a salesman for Plaintiff. *Id.* at ¶8-9. Plaintiff acknowledges that Crosby did not work for Plaintiff in Texas. *Id.* at ¶3 ("Crosby is a citizen of Connecticut"); ¶9 ("Crosby traveled regularly to Houston to meet with Atlas management and employees throughout his employment"). In this lawsuit, Plaintiff alleges that Crosby, in connection with his employment for Plaintiff, was "granted access to Atlas' confidential customer lists." *Id* at ¶9. On April 15, 2014, Crosby left his employment with Plaintiff and formed co-defendant Legend. *Id.* at ¶12, 15. Plaintiff alleges that Crosby and Legend have been soliciting its customers (i.e. "buyer contacts"), which allegedly constitutes a misappropriation of Plaintiff's trade secrets. *See id.* at ¶15, 16 and 23.

Noticeably absent from Plaintiff's First Amended Petition is any allegation that Crosby signed, let alone is in breach of, any confidentiality or non-disclosure of trade secrets or confidential information agreement with Plaintiff, a non-solicitation of customer agreement, or a noncompetition agreement with Plaintiff. *See First Amended Petition.* Furthermore, there is no allegation in Plaintiff's First Amended Petition that at the time Crosby left his employment

with Atlas that he "stole" the company's customer list or that he downloaded any confidential customer information from Atlas' servers. *See id.* Finally, despite the fact that Crosby left Atlas in April 2014, and Atlas has repled twice, there is no factual allegation that Atlas has lost any energy procurement business to Crosby or Legend. *See id.*

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard for Rule 12(b)(6) Motions to Dismiss

Rule 12(b)(6) authorizes dismissal where, as here, a plaintiff fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must "include sufficient facts to indicate the plausibility of the claims asserted, raising the 'right to relief above the speculative level.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). Plausibility means the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. Further, while legal conclusions can provide the complaint's framework, each "must be supported by factual allegations." *Id.* at 664.

The gravamen of Atlas' complaint against Crosby is three-fold: (1) Crosby and Legend have allegedly misappropriated Atlas' confidential customer list; (2) Crosby, while employed by Plaintiff, allegedly authorized the purchase of a software billing platform that allegedly did not work in the manner for which Plaintiff intended. *Plaintiff's First Amended Petition* at ¶12; and (3) Plaintiff does not owe Crosby wages. *Id.* at ¶45. As discussed below, for each of the causes

of action asserted against Defendants, Plaintiff – despite pleading twice – fails to provide sufficient facts to indicate the plausibility of the claims asserted against Crosby. At most, all Plaintiff does is provide "labels" and "conclusions," or a "formulaic recitation of the elements" of the causes of action asserted. Because Plaintiff has pled twice, to allow Plaintiff an opportunity to replead for a third time is futile. As such, Defendants' motions to dismiss should be granted. Defendants will first address the misappropriation of trade secrets claims.

**B. Plaintiff's Misappropriation of Trade Secrets Claims Should be Dismissed Under Rule 12(b)(6)**

1. Overview

Plaintiff asserts five (5) causes of action against Crosby and Legend related to their alleged misappropriation of its confidential customer list: breach of fiduciary duty, unfair competition, unjust enrichment, tortious interference with business relations, and violation of the Texas Uniform Trade Secrets Act. *See Plaintiff's First Amended Petition.* Because Plaintiff fails to plead sufficient facts raising its right to relief above the speculative level regarding the misappropriation of its customer list, all five of the above-listed causes of action should be dismissed.

In the most thread-bare fashion, Plaintiff alleges that its customer list is confidential (*First Amended Petition* at ¶8-9) and that Crosby had access to its customer list while he was employed (*Id.* at ¶9.). Plaintiff then baldly alleges that after Crosby left his employment with Plaintiff, Crosby and Legend have been soliciting Atlas' customers (*Id.* at ¶15, 16), but then leaps to the speculative conclusion, without any factual allegations, that Crosby and Legend have misappropriated its customer list. *See First Amended Petition.* This is precisely the type of conclusory and speculative pleading the United States Supreme Court declared warrants dismissal.

2. Plaintiff Fails to Plead Facts Sufficient to Invoke the Texas Uniform Trade Secrets Act

Turning first to Plaintiff's cause of action for violation of the Texas Uniform Trade Secrets Act ("TUTSA") (*Plaintiff's First Amended Petition,* at ¶43-44), Plaintiff fails to allege any factual basis upon which non-residents of Texas, such as Crosby and Legend, can be sued under the statute. Plaintiff's First Amended Petition clearly alleges that Crosby did not reside in Texas while employed by Plaintiff (*see id.* at ¶9) and that he does not presently reside in Texas (*see id.* at ¶3). Likewise, Plaintiff's First Amended Petition alleges that Legend's principal place of business is in New York. *See id.* at ¶9.

Nevertheless, Atlas sues two non-resident parties under the Texas Uniform Trade Secrets Act without any facts to support application of the statute against them. As such, 12(b)(6) dismissal of the TUTSA allegation is warranted. But even if Plaintiff is allowed to replead (for a third time) factual allegations supporting a TUTSA claim, or even a misappropriation of trade secrets claim under New York law, where Crosby and Legend are citizens, such repleading will be futile.

3. Plaintiff's Allegations are Purely Speculative and Conclusory

To establish a cause of action for trade secret misappropriation under the TUTSA, a plaintiff must plead: (1) a trade secret existed; (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (3) use of the trade secret without authorization from the plaintiff. *Wellogic, Inc. v. Accenture, L.L.P.,* 716 F.3d 867, 874 (5th Cir. 2013). Likewise, under New York law, a plaintiff must show: (1) that it possessed a trade secret, and (2) that the defendants *used that trade secret* in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means. *Penrose Computer Marketgroup, Inc. v. Camin*, 682 F. Supp. 2d 202, 213 (N.D.N.Y. 2010) (emphasis added).

This Court, in *Little v. SKF Sverige AB*, 2014 WL 710941, at *6 (S.D. Tex. Feb. 24, 2014) *aff'd*, 2014 WL 6661438 (5th Cir. Nov. 25, 2014), held that the 12(b)(6) dismissal of a misappropriation of trade secrets claim was appropriate where, as here, the plaintiff failed to plead how the defendant allegedly acquired, discovered, or made us of a trade secret. As explained in *Little:*

> The facts pled in Plaintiff's amended petition do not make out a plausible claim for trade secret misappropriation [against defendant]. Plaintiff fails to articulate how [defendant] allegedly acquired, discovered, or made use of a trade secret. Instead, Plaintiff makes conclusory statements such as 'SKF relied on Plaintiff's trade secrets in misappropriating Plaintiff's trade secrets,' and 'SKF *misappropriated Plaintiff's trade secrets in a number of ways, including coercion, deception, defamation, conspiracy, and fraud*'."

*Id.* at *6. (emphasis added). The Court, in dismissing the claim on a Rule 12(b)(6) motion, held "such pleading is insufficient under *Twombley.*" *Id.* On appeal, the Fifth Circuit affirmed in a per curiam opinion. *Little v. SKF Sverige AB,* 2014 WL 6661430 at *2 (5th Cir. November 25, 2014) (not published) ("the facts pled in his various complaints…fail to convey sufficient information about SKF USA's misappropriation of *Little's* trade secrets…").

Astonishingly, Plaintiff here makes virtually the same conclusory allegations in its First Amended Petition as was held fatal in *Little.* In paragraph 26 of the First Amended Petition, Plaintiff pleads, "[t]he use of Atlas' property was the result of Defendants' *fraud, duress, or the taking of unfair advantage.*" (emphasis added). There is not a single factual allegation to support the conclusion that Crosby (or Legend) engaged in "fraud[2]," "duress," or "taking unfair advantage." Scattered throughout Plaintiff's First Amended Petition are nothing more

[2] Fed. R. Civ. P. 9(b) expressly provides that "in alleging fraud… a party must state with particularity the circumstances constituting fraud…"

than conclusory statements that Defendants misappropriated Plaintiff's customer list. Yet, there are *no factual allegations* raising those allegations above the speculative level. As such, dismissal is warranted. *Twombly,* 550 U.S. 544.

4. Plaintiff's Reconstituted Misappropriation of Trade Secrets Claims Should also be Dismissed Under Rule 12(b)(6)

As previously noted, Plaintiff alleges five causes of action which are misappropriation of trade secrets claims: breach of fiduciary duty[3] (*see Plaintiff's First Amended Petition,* at ¶19-20, incorporating allegations regarding misappropriation of customer lists), unfair competition (*see id.* at ¶23), unjust enrichment (*see id.* at ¶¶25, 26), tortious interference with business relations (*see id.* at ¶¶28, 29). Each cause of action, as pled, depends upon a finding that Defendants misappropriated Plaintiff's customer list. As such, all of these causes of action, whether under Texas law or New York law, should be dismissed for the reasons discussed above.

An additional reason, however, exists for the dismissal of these common law causes of action. If indeed Defendants can be sued under TUTSA, then all of the common law causes of action are displaced by the statute and must be dismissed. Section 134A.007 of the TUTSA expressly provides that "this chapter displaces conflicting tort, restitutionary, and other law of

[3] Legend has additional grounds for which the breach of fiduciary claim against it should be dismissed. Plaintiff alleges in its First Amended Petition that "Legend is Crosby's new venture which competes directly with Atlas…") *First Amended Petition* at ¶15. It is well-established that in order to assert a breach of fiduciary duty claim against a party, there must be evidence of a "relationship of trust and confidence." *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (applying Texas law to define fiduciary duty); *see also Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. 2006) ("the elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and the defendant […]"). New York requires the same showing. *Vione v. Tewell*, 12 Misc. 3d 973, 978, 820 N.Y.S.2d 682, 686 (Sup. Ct. 2006) ("breach of fiduciary duty is a tort that arises from a violation of a relationship of trust and confidence"). Plaintiff alleges no such "relationship of trust and confidence" between it and Legend. To the contrary, Plaintiff only describes Legend as its direct competitor. *Plaintiff's First Amended Petition* at ¶15.

this state providing civil remedies for misappropriation of a trade secret." Tex. Civ. Prac. & Rem. Code § 134A.007.

**C. Plaintiff's Negligence and Gross Negligence Claims Should be Dismissed under Rule 12(b)(6)**

As mentioned earlier, Plaintiff also sues Crosby for gross negligence and negligence related to his allegedly authorizing the purchase of a software billing platform which did not work as intended by Plaintiff. *Plaintiff's First Amended Petition* at ¶¶11, 12.

1. Plaintiff's Gross Negligence Allegations Fail to State a Claim under which Relief can be Granted

In paragraphs 34-42 of its First Amended Petition, Plaintiff sues Crosby for gross negligence related to the purchase of the software. Plaintiff's gross negligence allegations are nothing more than a formulaic recital of the elements of the cause of action with no factual allegations. Under Texas law, gross negligence is an act or omission: (a) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. *Williams v. McCollister*, 2009 WL 4250023, at *3 (S.D. Tex. Oct. 6, 2009)[4].

Despite two attempts at pleading, Plaintiff fails to provide any factual allegations to support that the act or omission here, the alleged authorization by Crosby to purchase the software, "when viewed objectively from the viewpoint of the actor [Crosby] at the time of its occurrence, involve[d] an extreme degree of risk, considering the probability and magnitude of

[4] Likewise, New York law requires conduct that "smack[s] of intentional wrongdoing" and must "evince a reckless indifference to the rights of others." *Ryan v. IM Kapco, Inc.*, 88 A.D.3d 682, 683, 930 N.Y.S.2d 627, 629 (App. Div. 2011).

the potential harm to others." Instead of providing any supporting facts, Plaintiff merely repeats the elements of the cause of action, as if continuous recitation substantiates them. *Plaintiff's First Amended Petition* at ¶¶37, 38, 39, 40, 41, 42. It does not.

Moreover, there are no factual allegations to support the second element of the cause of action, that Crosby had "actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." Again, all Plaintiff's First Amended Petition contains are mere conclusory allegation, with no supporting factual allegations. Indeed, one might readily query how acquiring billing software could possibly place at risk the *safety* and *welfare* of others? Plaintiff's gross negligence claim should be dismissed.

2. Plaintiff's Negligence Allegations Fail to State a Claim under which Relief can be Granted

Likewise, Atlas pleads – without factual support – that Crosby was negligent in authorizing the purchasing of the software. To state a cause of action for negligence under Texas law, plaintiff must plead facts showing "the existence of a duty, a breach of that duty, and damages proximately caused by the breach." *Davis v. Dallas Cnty., Tex.*, 541 F. Supp. 2d 844, 850 (N.D. Tex. 2008), citing *W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005). New York law requires the same showing. *See Pasternack v. Lab. Corp. of Am.*, 892 F. Supp. 2d 540, 552 (S.D.N.Y. 2012).

Plaintiff alleges that Crosby owed it a duty to act with reasonable care when he was an employee. *Plaintiff's First Amended Petition* at ¶30. Yet, Plaintiff admits that Crosby investigated the software prior to its purchase. *Id.* at 31. As such, on the face of its pleading, Plaintiff admits that Crosby acted with reasonable care in that he investigated the software prior to allegedly authorizing its purchase. Nonetheless, without any factual support and solely

by way of conclusion, Plaintiff alleges that Crosby breached his duty of reasonable care to it. Wholly absent from the First Amended Petition is any factual allegation as to how – despite investigating the software prior to its purchase – Crosby breached that duty.

Because Plaintiff's negligence claim lacks sufficient factual support, the claim amounts to nothing more than "labels" "conclusions" and a "formulaic recitation" of the elements of the tort. As such, the negligence claim should be dismissed pursuant to Rule 12(b)(6).

**D. Plaintiff's Request for Declaratory Judgment Must be Dismissed Under Rule 12(b)(6).**

Finally, Plaintiff seeks a declaratory judgment that "Atlas does not owe Crosby wages." *Plaintiff's First Amended Petition* at ¶45. As pled by Plaintiff, the Court can surmise that Plaintiff did not pay Crosby wages, but there are no factual allegations indicating which wages were not paid, how much in wages was not paid, the factual bases for nonpayment of the wages, or any factual basis upon which Plaintiff asks the Court to declare that "Atlas does not owe Crosby wages." *Id.*

Under New York law, where Crosby was employed by Plaintiff, an employer is prohibited from deducting an employee's wages except in narrow circumstances[5] and has the

[5] Circumstances in which an employer may deduct wages under New York law are limited to: "(i) insurance premiums and prepaid legal plans; (ii) pension or health and welfare benefits; (iii) contributions to a bona fide charitable organization; (iv) purchases made at events sponsored by a bona fide charitable organization affiliated with the employer where at least twenty percent of the profits from such event are being contributed to a bona fide charitable organization; (v) United States bonds; (vi) dues or assessments to a labor organization; (vii) discounted parking or discounted passes, tokens, fare cards, vouchers, or other items that entitle the employee to use mass transit; (viii) fitness center, health club, and/or gym membership dues; (ix) cafeteria and vending machine purchases made at the employer's place of business and purchases made at gift shops operated by the employer, where the employer is a hospital, college, or university; (x) pharmacy purchases made at the employer's place of business; (xi) tuition, room, board, and fees for pre-school, nursery, primary, secondary, and/or post-secondary educational institutions; (xii) day care, before-school and after-school care expenses; (xiii) payments for housing provided at no more than market rates by non-profit hospitals or affiliates thereof; and (xiv) similar payments for the benefit of

*continued on next page...*

burden of proving the applicability of the exception. N.Y. Lab. Law § 193(b). Here, Plaintiff fails to allege any factual basis to support withholding wages from Crosby. As such, Plaintiff fails to provide any factual or legal basis for the declaration it seeks. Dismissal under 12(b)(6) is warranted.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's First Amended Petition fails to meet the standards required under *Twombly* and *Iqbal.* Indeed, if Plaintiff was capable of curing these pleading deficiencies, it would have done so during the five months after it filed its Original Petition and when it filed its First Amended Petition. Having had the opportunity to replead, it would be futile to allow Plaintiff to replead for a third time. Accordingly, this Court should dismiss all claims against Defendants *with prejudice* under Rule 12(b)(6).

Dated: January 5, 2015.

Respectfully submitted,

BAKER & HOSTETLER LLP

By: *_/s/ Edward L. Friedman_*
Edward L. Friedman
Texas Bar No. 07462950
efriedman@bakerlaw.com
811 Main Street
Suite 1100
Houston, TX 77002-6111
Telephone: 713.751.1600
Facsimile: 713.751.1717

ATTORNEYS FOR DEFENDANTS

*...continued from previous page*

the employee." N.Y. Lab. Law § 193(b). Likewise, under Texas law, an employer may not withhold wages from an employee unless it: is ordered by a court of competent jurisdiction, is authorized by federal or state law, or has written authorization from the employee. Tex. Labor Code § 61.018.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to all known counsel of record by filing this document through the Court's electronic filing system and by certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, on this 5th day of January, 2015, as follows:

BERG FELDMAN JOHNSON BELL, LLP
Geoffrey Berg (gberg@bfjblaw.com)
State Bar No. 00793330
Kathryn E. Nelson
State Bar. No. 24037166
4203 Montrose Boulevard, Suite 150
Houston, Texas 77006
(713) 526-0222/ FAX (832) 615-2665

*Counsel for Atlas Commodities, LLC*

*/s/ Edward L. Friedman*
Edward L. Friedman