IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLAS COMMODITIES, L.L.C. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4:15-CV-00005 |
| DANIEL CROSBY and | § | |
| LEGEND ENERGY ADVISORS, L.L.C., | § | |
| | § | |
|     Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
RULE 12(b)(6) MOTION TO DISMISS AND, IN THE ALTERNATIVE,
MOTION FOR LEAVE TO AMEND**

Plaintiff Atlas Commodities, L.L.C. ("Atlas" or "Plaintiff") files this Response in Opposition to Defendants Daniel Crosby ("Crosby") and Legend Energy Advisors, L.L.C.'s ("Legend") (collectively "Defendants") Rule 12(b)(6) Motion to Dismiss and, in the Alternative, Motion for Leave to Amend, and shows as follows:

**I.  BACKGROUND**

Atlas is a commodities brokerage and retail energy advisor. On or about October 2012, Crosby began employment with Atlas, selling retail electricity. In order to further Atlas' business, Crosby was granted access to Atlas' confidential customer lists. Crosby used those lists to develop relationships with Atlas customers and make sales.

In addition to making sales for Atlas, Crosby was also placed in charge of the retail desk, giving him managerial authority. Crosby used that authority to make purchases on Atlas' behalf. In or about October 2012, Crosby began authorizing the purchase of a software billing platform from a company called eSight Energy, Inc. ("eSight"). Crosby represented to Atlas that customer

data could be read by this software and used to generate bills for Atlas' customers to send to their customers. Crosby caused Atlas to spend in the neighborhood of $100,000 on this software.

Without notice, Crosby quit Atlas on April 15, 2014. Soon after he left, the company discovered that the eSight software simply does not do what Crosby said it did. The software was, in fact, nearly completely useless to Atlas. Crosby was aware that the software was useless to Atlas while he was an employee. Crosby intentionally hid the software's uselessness to Atlas, but continued to cause Atlas to make substantial payments for it.

Following his resignation, Atlas requested that Crosby assist it in investigating and remediating the damage done to it by the purchase and installation of the eSight software. Crosby simply ignored that request. Atlas additionally demanded that Crosby and Legend, his new venture which competes directly with Atlas, stop soliciting buyer contacts Crosby knows solely due to his access to Atlas' confidential information and trade secrets. Crosby refused. Crosby apparently had reason to ignore Atlas' demand that he stop soliciting its customers—he is using Atlas' confidential/trade secret information to solicit Atlas' customers for himself and Legend at Atlas' expense.

On May 30, 2014, for the first time, Crosby claimed that Atlas owed him his "final paycheck." This money is not owed.

Atlas filed its Original Petition against Crosby and Legend on May 30, 2014 in the District Court of Harris County, Texas, asserting claims for breach of fiduciary duty, unfair competition, unjust enrichment, tortious interference with business relations, negligence, gross negligence, and violation of the Texas Uniform Trade Secrets Act, and requesting a temporary and permanent injunction. On August 14, 2014, Atlas filed its First Amended Petition adding a request for declaratory relief pursuant to the Texas Uniform Declaratory Judgment Act.

Defendants jointly removed this action to United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on January 5, 2015. On the same day, Defendants filed their Rule 12(b)(6) Motion to Dismiss Atlas' claims with prejudice. Crosby also filed his Original Counterclaim for violation of New York Labor Law § 190 et seq., attorney's fees and expenses pursuant to the Texas Uniform Trade Secrets Act, and attorney's fees and expenses pursuant to the Texas Uniform Declaratory Judgments Act. Legend filed its Original Counterclaim solely for attorney's fees and expenses pursuant to the Texas Uniform Trade Secrets Act.

## II.  ATLAS MAY AMEND ITS PLEADING AS A MATTER OF COURSE. IN THE ALTERNATIVE, ATLAS SEEKS LEAVE TO AMEND.

Atlas originally filed this lawsuit in the District Court of Harris County, Texas, under the Texas Rules of Civil Procedure. "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The Texas Rules do not require a plaintiff to set forth in detail the evidence upon which a claim relies. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 495 (Tex. 1988).

The pleading standards under the Federal Rules of Civil Procedure, although also designed to give a defendant "fair notice," are slightly more stringent. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (emphasis added)); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require "'detailed factual allegations,'" a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim

3

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 570) (emphasis added). If "the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff," it will survive a Rule 12(b)(6) motion to dismiss. *Shangdong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam).

In an abundance of caution, and to the extent that its First Amended Petition does not meet federal pleading standards, Atlas is filing its Second Amended Complaint concurrently with this Response. Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1). Defendants served Atlas with their 12(b)(6) Motion to Dismiss and Memorandum of Law in Support on January 5, 2015. (Dkt. Nos. 3–4.) Atlas therefore may amend its pleading as a matter of course until January 26, 2015. *See* Fed. R. Civ. P. 15(a)(1).

In the alternative, Atlas requests leave to amend its pleading. *See* Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given when justice so requires. *Id.* Absent a reason such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment, refusal to grant leave to amend is an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. RESPONSE TO MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (emphasis added)); *see also Erickson v. Pardus*, 551 U.S. 89, 93

(2007). Rule 8 does not require "'detailed factual allegations,'" but rather "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 570) (emphasis added). If "the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff," it will survive a Rule 12(b)(6) motion. *Shangdong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam).

In their Motion to Dismiss, Defendants simply ignore the well-pleaded facts contained in Atlas' First Amended Petition. The allegations therein are factually (and legally) sufficient to put Defendants on notice of Atlas' claims, which is all that the law requires.

### A. Atlas Has Sufficiently Alleged Claims for Common-Law Misappropriation of Trade Secrets and Violations of TUTSA.

Under Texas common law, to establish a claim for trade secret misappropriation, a plaintiff must plead: (1) the existence of a trade secret; (2) acquisition of a trade secret through breach of a confidential relationship or improper discovery of a trade secret; and (3) use of the trade secret without authorization. *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 874 (5th Cir. 2013). Under New York law, a plaintiff must similarly plead: (1) possession of a trade secret; and (2) use of the trade secret in breach of an agreement, confidential relationship, or duty or as a result of improper discovery. *Penrose Computer Marketgroup, Inc. v. Camin*, 682 F. Supp. 2d 202, 213 (N.D.N.Y. 2010).

Defendants' argument that Atlas has failed to state a claim for misappropriation of trade secrets focuses on the second and third elements under Texas law[1] and the second element under

---

[1] Effective September 1, 2013, the Texas Uniform Trade Secrets Act ("TUTSA") displaced all Texas common law providing civil remedies for misappropriation of trade secrets. Tex. Civ. Prac. & Rem. Code § 134A.007(a). TUTSA applies to misappropriations made on or after September 1, 2013. Act of Apr. 23, 2013, 83d Leg., R.S., ch. 10, § 3, 2013 Tex. Gen. Laws 12, 14 (2013). Misappropriations made before or continuing misappropriations beginning before TUTSA's effective date are governed by the law in effect immediately before that date. *Id.*

5

New York law. (Mot. at 6.) Defendants contend that Atlas has not pleaded "how the defendant allegedly acquired, discovered or made us [*sic*] of a trade secret." (*Id.*) But Atlas has plead exactly that. Its First Amended Petition contains the following:

> **In order to further Atlas' business, Crosby was granted access to Atlas' *confidential customer lists*.** Crosby used those lists to develop relationships with Atlas customers and make sales.

(1st Am. Pet. ¶ 9 (emphasis added).)

> Atlas . . . demanded that Crosby and Legend, his new venture which competes directly with Atlas, stop soliciting buyer contacts Crosby knows solely due to his access to Atlas' confidential information and trade secrets. Crosby refused.

(1st Am. Pet. ¶ 15.)

> Crosby apparently had reason to ignore Atlas' demand that he stop soliciting its customers – **he is using Atlas' confidential/trade secret information to solicit Atlas' customers for himself and Legend at Atlas' expense**.

(1st Am. Pet. ¶ 16 (emphasis added).)

"Use" of a trade secret means "commercial use" and occurs when "a person seeks to profit from the use of the secret." *Alliantgroup, L.P. v. Feingold*, 803 F. Supp. 2d 610, 624–25 (S.D. Tex. 2011) (internal citations omitted). Unlike the plaintiff in *Little*, cited by Defendants, Atlas plainly alleged: (1) how Crosby acquired or discovered the trade secret (by virtue of his employment selling retail electricity); and (2) how Crosby and Legend made use of a trade secret (Defendants used Atlas' confidential customer list to solicit Atlas' customers for his and Legend's benefit). (1st Am. Pet. ¶¶ 9, 15–16.) *See Little v. SKF Sverige AB*, 2014 WL 710941, at *6 (dismissing misappropriation of trade secrets claim that failed to allege "how [the plaintiff] allegedly acquired, discovered, or made use of a trade secret").

Effective September 1, 2013, the Texas Uniform Trade Secrets Act ("TUTSA") displaced all Texas common law providing civil remedies for misappropriation of trade secrets. Tex. Civ.

Prac. & Rem. Code § 134A.007(a). TUTSA applies to misappropriations made on or after September 1, 2013. Act of Apr. 23, 2013, 83d Leg., R.S., ch. 10, § 3, 2013 Tex. Gen. Laws 12, 14 (2013). Misappropriations made before or continuing misappropriations beginning before TUTSA's effective date are governed by the law in effect immediately before that date. *Id.* Defendants argue, without citation to authority, that they are not subject to TUTSA because they do not reside in Texas. (Mot. at 5.) To the extent that Texas law applies to Defendants' actions, any misappropriations they made on or after September 1, 2013 are actionable under TUTSA, which has supplanted Texas common law with regard to causes of action based on misappropriation of trade secrets. *See id.*

### B. Breach of Fiduciary Duty, Unfair Competition, Unjust Enrichment, and Tortious Interference with Business Relations

Defendants next argue that four additional causes of action alleged by Atlas—breach of fiduciary duty, unfair competition, unjust enrichment, and tortious interference with business relations—are based on misappropriation of trade secrets and should be dismissed for the same reasons that its misappropriation of trade secrets claim should be dismissed. (Mot. at 7.) As described above, Atlas has adequately stated a claim for misappropriation of trade secrets, and its claims for and based on misappropriation of trade secrets should not be dismissed. Defendants further contend that Atlas' common law causes of action should be dismissed because they have been displaced by TUTSA. (Mot. at 7.) Again, to the extent Texas law applies to Atlas' claims, TUTSA applies only to misappropriations of trade secrets made on or after September 1, 2013. Act of Apr. 23, 2013, 83d Leg., R.S., ch. 10, § 3, 2013 Tex. Gen. Laws 12, 14 (2013).

### C. Breach of Fiduciary Duty

Legend further claims that Atlas' breach of fiduciary duty against it should be dismissed because Atlas does not allege a relationship that would give rise to a fiduciary duty between it and

7

Legend. (Mot. at 7 n.3.) Under Texas law, a party who knowingly participates in a breach of fiduciary duty may be liable as a joint tortfeasor. *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 863 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). New York law similarly imposes liability for knowing participation in a breach of fiduciary duty. *See SCS Communications, Inc. v. Herrick Co.*, 360 F.3d 329, 342 (2d Cir. 2004). Atlas plainly alleged in its First Amended Petition that Legend (created by Crosby to compete with Atlas) knew Crosby owed a fiduciary obligation to Atlas and knowingly participated in Crosby's breaches of that obligation. (1st Am. Pet. ¶¶ 15, 18–20.)

### D. Negligence and Gross Negligence

Defendants claim that Atlas provides no factual allegations to support its claims for negligence and gross negligence. (Mot. at 8-9.) This is just wrong. Atlas does plead those facts.

Under Texas law, gross negligence means an act or omission (1) that involved an extreme degree of risk, considering the probability and magnitude of potential harm, and (2) of which the actor had real, subjective awareness of the risk involved and nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. *In re Jones*, 445 B.R. 677, 720 (N.D. Tex. 2011) (citing Tex. Civ. Prac. & Rem. Code § 41.001). In its First Amended Petition, Atlas alleged that Crosby knew the eSight billing software did not perform as required by Atlas, but nevertheless caused Atlas to purchase the software at around $100,000. (1st Am. Pet. ¶¶ 11–13.) Causing Atlas to purchase approximately $100,000 worth of useless software involved an extreme degree of risk that Atlas would lose $100,000. *See In re Jones*, 445 B.R. at 720 ("Debtor's binge-spending posed an extreme degree of risk that she would not receive any distribution of profits . . . ."). Crosby knew the eSight software was useless to Atlas, but nevertheless caused Atlas to purchase the software with conscious indifference to his obligations to Atlas. *See id.*

Defendants also allege without authority that, because Crosby investigated the eSight

8

software before he caused Atlas to purchase it, he therefore acted with reasonable care. (Mot. at 9–10.) Defendants further argue that Atlas does not allege how Crosby breached his duty to Atlas. (*Id.*) At paragraphs 12, 31, and 32 of its First Amended Petition, Atlas pleaded that Crosby knew the eSight software was useless to Atlas, but nevertheless caused Atlas to purchase it. (1st Am. Pet ¶¶ 12, 31–32.) Crosby cannot escape liability by simply claiming in a motion to have conducted an "investigation." Crosby cites no law to support the proposition that he can, and none exists. After all, if Crosby did conduct an "investigation" of the eSight software as he claims and caused Atlas to purchase it anyway, his own motion confirms his gross negligence; even a cursory examination of the software would reveal to any reasonable person that the software was useless to Atlas and a waste of money. His "investigation," to the extent he conducted any, was as negligent as his initial decision to make the purchase.

### E. Declaratory Judgment

Crosby alleges that Atlas fails to provide any factual basis for its request that the Court declare that "Atlas does not owe Cosby wages." (Mot. at 10.) Crosby additionally alleges that his employment relationship with Atlas is governed by New York Law. (*See* Mot. at 10–11.)

An employee owes a duty of good faith and loyalty to his employer. *Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 659 (S.D.N.Y. 2005), *aff'd sub nom. Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006). An employee also has "an affirmative duty at all times to act in his employer's best interests." *Id.* (quoting *Maritime Fish Prods., Inc. v. World-Wide Fish Prods., Inc.*, 474 N.Y.S.2d 281, 285 (1st Dep't 1984)). **An employee who breaches his duty of loyalty to his employer is not entitled to his compensation, whether salary or commissions, even if the employer suffered no damage as a result**. *Id.* at 659–60 (citing *Feiger v. Iral Jewelry, Ltd.*, 41 N.Y.2d 928, 928–29 (1977)) (emphasis added).

Crosby breached his duty of loyalty to Atlas in two ways, each well-pleaded by Atlas: (1)

9

Crosby solicited Atlas' customers using Atlas' confidential trade secret information; and (2) Crosby caused Atlas to spend around $100,000 for software Crosby knew to be useless to Atlas. (1st Am. Pet. ¶¶ 8–16.) He is not entitled to his wages. *See Design Strategies*, 384 F. Supp. 2d at 659. To the extent these allegations are insufficient, Atlas has amended its pleading to add the following:

> 45. Pursuant to the Texas Uniform Declaratory Judgment Act and by reason of the foregoing, Atlas is entitled to a declaratory judgment that:
>
> **a. Crosby owed a duty of loyalty to Atlas, which he breached; and**
>
> b. Atlas does not owe Crosby wages.

Crosby contends further that Atlas is prohibited by Article 6 of the New York Labor Law from withholding his wages. (Mot. at 10–11.) Crosby is not entitled, however, to the protections of Article 6 because he has failed to demonstrate that he is an "employee" as defined therein, as is his burden. *See Lauria v. Heffernan*, 607 F. Supp. 2d 403, 407 (E.D.N.Y. 2009).

## IV.   CONCLUSION

For these reasons, Plaintiff Atlas Commodities, L.L.C. respectfully requests that the Court deny Defendants Daniel Crosby and Legend Energy Advisors, L.L.C.'s 12(b)(6) Motion to Dismiss in its entirety.

Respectfully submitted,

BERG FELDMAN JOHNSON BELL, LLP

By:   /s/ Geoffrey Berg
Geoffrey Berg (gberg@bfjblaw.com)
Texas Bar No. 00793330
4203 Montrose Boulevard, Suite 150
Houston, Texas 77006
713-526-0200 (tel)
832-615-2665 (fax)

                                                ATTORNEY-IN-CHARGE FOR PLAINTIFF
                                                ATLAS COMMODITIES, L.L.C.

Of Counsel:

BERG FELDMAN JOHNSON BELL, LLP
Kathryn E. Nelson (knelson@bfjblaw.com)
Texas Bar No. 24037166
4203 Montrose Boulevard, Suite 150
Houston, Texas 77006
713-526-0200 (tel)
832-615-2665 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via Electronic Court Filing ("ECF") on January 23, 2015.

                                                          /s/ Geoffrey Berg
                                                        Geoffrey Berg