IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLAS COMMODITIES, L.L.C. § | | |
|     Plaintiff, § | | |
| § | | |
| vs. § | | |
| § | CIVIL ACTION NO. 4:15-CV-00005 | |
| DANIEL CROSBY and § | | |
| LEGEND ENERGY ADVISORS, L.L.C., § | | |
| § | | |
|     Defendants. § | | |

**PLAINTIFF'S RULE 12(b)(6) PARTIAL MOTION TO
DISMISS DEFENDANTS' FIRST AMENDED COUNTERCLAIMS**

Plaintiff Atlas Commodities, L.L.C. ("Atlas or Plaintiff") files this Partial Motion to Dismiss Defendants' First Amended Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and shows as follows:

### I. BACKGROUND

Atlas is a commodities brokerage and retail energy advisor. On or about October 2012, Defendant Daniel Crosby ("Crosby") began employment with Atlas, selling retail electricity. In order to further Atlas' business, Crosby was granted access to Atlas' confidential customer lists. Crosby used those lists to develop relationships with Atlas customers and make sales.

In addition to making sales for Atlas, Crosby was also placed in charge of the retail desk, giving him managerial authority. Crosby used that authority to make purchases on Atlas' behalf. In or about October 2012, Crosby began authorizing the purchase of a software billing platform from a company called eSight Energy, Inc. ("eSight"). Crosby represented to Atlas that customer data could be read by this software and used to generate bills for Atlas' customers to send to their customers. Crosby caused Atlas to spend in the neighborhood of $100,000 on this software.

Without notice, Crosby quit Atlas on April 15, 2014. Soon after he left, the company discovered that the eSight software simply does not do what Crosby said it did. The software was, in fact, nearly completely useless to Atlas. Crosby was aware that the software was useless to Atlas while he was an employee. Crosby intentionally hid the software's uselessness to Atlas, but continued to cause Atlas to make substantial payments for it.

Following his resignation, Atlas requested that Crosby assist it in investigating and remediating the damage done to it by the purchase and installation of the eSight software. Crosby simply ignored that request. Atlas additionally demanded that Crosby and Legend Energy Advisors, L.L.C. ("Legend"), his new venture which competes directly with Atlas, stop soliciting buyer contacts Crosby knows solely due to his access to Atlas' confidential information and trade secrets. Crosby refused. Crosby apparently had reason to ignore Atlas' demand that he stop soliciting its customers—he is using Atlas' confidential/trade secret information to solicit Atlas' customers for himself and Legend at Atlas' expense.

On May 30, 2014, for the first time, Crosby claimed that Atlas owed him his "final paycheck." This money is not owed.

Atlas filed its Original Petition against Crosby and Legend on May 30, 2014 in the District Court of Harris County, Texas, asserting claims for breach of fiduciary duty, unfair competition, unjust enrichment, tortious interference with business relations, negligence, gross negligence, and violation of the Texas Uniform Trade Secrets Act, and requesting a temporary and permanent injunction. On August 14, 2014, Atlas filed its First Amended Petition adding a request for declaratory relief pursuant to the Texas Uniform Declaratory Judgments Act.

Defendants jointly removed this action to United States District Court for the Southern District of Texas pursuant to 28 U.S.C §§ 1332, 1441, and 1446 on January 5, 2015. On the same

day, Defendants filed their Rule 12(b)(6) Motion to Dismiss Atlas' claims with prejudice. Crosby filed his Original Counterclaim for violation of New York Labor Law § 190 et seq., attorney's fees and expenses pursuant to the Texas Uniform Trade Secrets Act, and attorney's fees and expenses pursuant to the Texas Declaratory Judgments Act. Legend filed its Original Counterclaim solely for attorney's fees and expenses pursuant to the Texas Uniform Trade Secrets Act.

Atlas filed its Second Amended Complaint on January 23, 2015 to conform to federal pleading standards, including bringing its request for declaratory relief under the federal Declaratory Judgment Act rather than the Texas equivalent. On the same day, Atlas filed its Rule 12(b)(6) Motion to Dismiss Defendants' Counterclaims. In response, Crosby dropped his counterclaims for violation of New York Labor Law § 190 et seq. and attorney's fees and expenses pursuant to the Texas Uniform Declaratory Judgments Act but added a claim for breach of contract or, in the alternative, quantum meruit or unjust enrichment in Defendants' First Amended Counterclaim filed on February 13, 2015. Both Defendants maintain their claim for attorney's fees and expenses pursuant to the Texas Uniform Trade Secrets Act. Atlas now files this Rule 12(b)(6) Partial Motion to Dismiss asking the Court to dismiss Defendants' counterclaim for attorney's fees and expenses pursuant to the Texas Uniform Trade Secrets Act.

Atlas will answer Defendants' First Amended Counterclaim within the time prescribed by Rule 12(a)(4). *See* Fed. R. Civ. P. 12(a)(4); Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1346 (3d ed.) ("[T]he weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion. . . . [T]he minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency.").

## II.     LEGAL STANDARD

A complaint will not survive a Rule 12(b)(6) motion to dismiss unless it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A pleading that contains only a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.    DEFENDANTS ARE NOT ENTITLED TO ATTORNEY'S FEES UNDER TUTSA

In its Second Amended Complaint, Atlas alleges, inter alia, that Defendants misappropriated its trade secrets in violation of the Texas Uniform Trade Secrets Act ("TUTSA"). (2d Am. Compl. ¶¶ 41–42.) TUTSA authorizes an award of attorney's fees if a claim of misappropriation is made in bad faith. Tex. Civ. Prac. & Rem. Code § 134A.005(1).

Both Crosby and Legend claim, with no factual basis other than their bald assertion that Atlas' customer lists are not trade secrets, that Atlas' misappropriation claims were made in bad faith. (1st Am. Countercl. § IV.B.) Neither Crosby nor Legend assert even a single fact to support their bad faith claims. To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain enough factual content to state a plausible claim for relief. *Twombly*, 550 U.S. at 570. Because Defendants simply recite the elements of their bad faith causes of action without providing any factual support, their claims for attorney's fees under TUTSA should be dismissed. *See* Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 555. Further, TUTSA only authorizes an award of attorney's fees if a claim of misappropriation is made in bad faith. Tex. Civ. Prac. & Rem. Code § 134A.005(1). Crosby and Legend are not entitled to any attorney's fees if they are the "prevailing parties." (1st Am. Countercl. § IV.B.)

## IV. CONCLUSION

For these reasons, Plaintiff Atlas Commodities, L.L.C. respectfully requests that the Court dismiss Defendants Daniel Crosby and Legend Energy Advisors, L.L.C.'s counterclaims against it with prejudice to refiling.

        Respectfully submitted,

        BERG FELDMAN JOHNSON BELL, LLP

        By:    /s/ Geoffrey Berg
             Geoffrey Berg (gberg@bfjblaw.com)
             Texas Bar No. 00793330
             4203 Montrose Boulevard, Suite 150
             Houston, Texas 77006
             713-526-0200 (tel)
             832-615-2665 (fax)

        ATTORNEY-IN-CHARGE FOR PLAINTIFF
        ATLAS COMMODITIES, L.L.C.

Of Counsel:

BERG FELDMAN JOHNSON BELL, LLP
Kathryn E. Nelson (knelson@bfjblaw.com)
Texas Bar No. 24037166
4203 Montrose Boulevard, Suite 150
Houston, Texas 77006
713-526-0200 (tel)
832-615-2665 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via Electronic Court Filing ("ECF") on March 6, 2015.

            /s/ Geoffrey Berg
            Geoffrey Berg