UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLAS COMMODITIES, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 4:15-CV-00005 |
| | § | |
| DANIEL CROSBY and | § | |
| LEGEND ENERGY ADVISORS, | § | |
| L.L.C., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO DISMISS
DEFENDANTS' FIRST AMENDED COUNTERCLAIMS**

Defendants Daniel Crosby and Legend Energy Advisors, L.L.C. ("Defendants") file this Reply to Plaintiff's Motion to Dismiss Defendants' First Amended Counterclaims and would respectfully show as follows:

**I.     Procedural Background**

This action was removed to federal court on January 5, 2015. *(Docket No. 1).* Contemporaneously with filing their Notice of Removal, Defendants filed: (i) their Motion to Dismiss [Plaintiffs' First Amended Petition] and Memorandum in Support *(Docket Nos. 3, 4); and (ii)* Defendants' Original Counterclaims (Docket *No. 5).* On January 23, 2015, Plaintiff filed its :(i)  Response in Opposition to Defendants' Rule 12 (b) (6) Motion to Dismiss and, in the Alternative, Motion for Leave to Amend *(Docket No. 11); (ii)* Second Amended Complaint ( *Docket No. 12);* and (iii) Motion to Dismiss Defendants' First Amended Counterclaims ( *Docket No. 13).*

On January 26, 2015, the Court entered an Order that Defendants' Motion to Dismiss and Plaintiff's Motion to Dismiss are denied as moot, noting, "… Plaintiff has filed an Amended Complaint [Doc. #12], to which Defendants shall file a response which may or may not include a counterclaim." (Docket *No. 14).* On February 13, 2015, Defendants filed their: (i) Motion to Dismiss [Second Amended Complaint] and Memorandum in Support (Docket *Nos. 15, 16);* and *(ii)* First Amended Counterclaims (Docket *No. 17).* On March 6, 2015, Plaintiff filed its Rule 12(b) (6) Partial Motion to Dismiss Defendants' First Amended Counterclaims (Docket *No. 19)("Plaintiff's Motion"),* to which Defendants now respond. For the reasons stated herein, Plaintiff's Partial Motion to Dismiss should be denied.

## II.    Defendants' Counterclaims

Defendants assert two counterclaims against Plaintiff: (i) Crosby alleges that Plaintiff failed to pay him his last paycheck in the amount of $6,250 for the work he performed as an employee of Plaintiff for the two week period of April 1-April 15, 2014; and (ii) Crosby and Legend seek the recovery of their reasonable attorney's fees under the Texas Uniform Trade Secrets Act ("TUTSA"), Tex. Civ. Prac. & Rem. Code Sec. 134A.005(1). [1] The second counterclaim is predicated on the fact that in Plaintiff's Second Amended Complaint, Plaintiff sues Defendants for violation of TUTSA. *See Second Amended Complaint ¶¶ 41-42 (Docket No. 12).* In Defendants' Motion to Dismiss and Memorandum in Support, Defendants contend that as non-residents, a

---

[1] Plaintiff seeks dismissal of only the counterclaim under TUTSA. *Plaintiff's Motion p. 3.*

TUTSA claim cannot be maintained against them because Plaintiff fails to plead sufficient facts that any "injury" resulting from the alleged misappropriation of trade secrets occurred "on Texas soil." *Defendants' Memorandum in Support of Motion to Dismiss, pp. 9-11 (Docket No. 16).* In the alternative, Defendants argue that if a TUTSA claim can be maintained against them, it should be dismissed because Plaintiff fails to plead more than purely speculative or conclusory allegations to support its claim of misappropriation of trade secrets. Defendants further argue that dismissal is required because Plaintiff fails to plead sufficient facts that its customer list (the alleged trade secret misappropriated by the Defendants) is a trade secret (and not just an ordinary customer list), Plaintiff fails to plead sufficient facts as to the manner in which Defendants misappropriated its trade secrets, and Plaintiff fails to plead with particularity the alleged "fraud" engaged in by Defendants in misappropriating its trade secret. *Id. at pp. 11-18.* Nonetheless, should this Court determine that a TUTSA claim may be maintained against Defendants, then Defendants seek their reasonable attorney's fees as allowed under TUTSA.

## III.   The Attorney's Fee-Shifting Provision Under TUTSA

TUTSA provides, in relevant part, that: "[t]he court may award reasonable attorney's fees to the prevailing party if: (1) a claim of misappropriation is made in bad faith" TEX. CIV. PRAC. AND REM. CODE §134A.005 (1). Defendants contend that if Plaintiff can sue them under TUTSA, and if they are the prevailing party, then they are entitled to their reasonable attorney's fees under the Act. *First Amended Counterclaim, COUNT Two at p. 4.*

TUTSA does not define "bad faith." *See* TEX. CIV. PRAC. AND REM. CODE §134A. TUTSA is a relatively new statute, having become effective on September 1, 2013. *Id. at 134A.001*. There are no reported decisions under TUTSA defining "bad faith." As such, this Court may seek guidance from decisions by courts in other states which have adopted a version of the Uniform Trade Secrets Act ("UTSA"), upon which TUTSA is based. *Tex. Civ. Prac. Rem. Code Sec. 134A.008* ("This chapter shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it.") *See also, Tex. Govt. Code §311.028* ("a uniform act included in a code shall be construed to effect its general purpose to make uniform the law of those states that enact it."). The UTSA also does not define "bad faith."[2] Courts in other jurisdictions which have adopted a version of the UTSA, however, have interpreted the meaning of "bad faith" under statutes derived from the UTSA. The prevailing interpretation appears to be the one followed by 14 federal district courts in 14 states, which provides for a two-part test: "objective speciousness" and "subjective misconduct."[3] As applied by these courts, "objective speciousness"

---

[2] The Court may look to the comments to the UTSA to determine the interpretation of "bad faith" in the statute. See generally, Fetter *v. Wells Fargo Bank*, 110 S.W.3d 683, 687 (Tex. App.—Houston [14th Dist.] 2003, no pet.)("Although the Official UCC Comments following the code provisions are not law, they are persuasive authority concerning interpretation of the statutory language."). The comments to the UTSA state in relevant part that "[s]ection 4 allows a court to award reasonable attorney fees to a prevailing party in specified circumstances as a deterrent to specious claims of misappropriation, to specious efforts by a misappropriator to terminate injunctive relief, and to willful and malicious misappropriation." *Unif.Trade Secrets Act § 4, Comments to 2005 Main Volume*.

[3] All of the following cases use the two-prong test of "objective speciousness" and "subjective misconduct." *Stilwell Dev. Inc. v. Chen, CV86-4487-GHK, 1989 WL 418783, at *9 (C.D. Cal. Apr. 25, 1989)* ("Plaintiffs were unable to show either of the essential elements of a trade secret. From this complete failure of proof, the court infers that plaintiffs must have knowingly and intentionally prosecuted a specious claim." Id. at *4); *See also Knights Armament Co. v. Optical Sys. Tech., Inc.,* No. 6:07–CV–1323–ORL, 2012 WL 3932863, *5 (M.D.Fla. Aug. 20, 2012) ("Courts have universally interpreted [bad faith under the Uniform Trade Secrets Act] to require a finding (1) that plaintiff's claims were objectively specious or frivolous, and (2) that there is evidence of subjective

means "there is a complete lack of evidence supporting plaintiff's claim." *Computer Econ., Inc. v. Gartner Group, Inc.,* 98-CV-0312 TW (CGA), 1999 WL 33178020, at *6 (S.D. Cal. Dec. 14, 1999); *Degussa Admixtures, Inc. v. Burnett,* 471 F.Supp.2d 848, 857 (W.D.Mich.2007), *aff'd,* 277 Fed.Appx. 530 (6th Cir.2008) ("*the Court finds that Plaintiff's claims were objectively unsupported, both factually and under Michigan law, at the time of filing.*" *Id. at 858*). "Subjective misconduct" can be either inferred from the speciousness of the claim (i.e. plaintiffs cannot provide proof to support it) or may be proved through direct evidence showing defendant's knowledge of an "improper

---

misconduct." Id. at *4); *Loparex, LLC v. MPI Release, LLC,* No. 1:09–cv–01411–JMS–TAB, 2012 WL 3065428, *4,5 (S.D.Ind. July 27, 2012) ("the Court finds that this action was essentially a vendetta against Mr. Kerber and Mr. Odders designed…to litigate them "to death," rather than out of a genuine concern about protecting intellectual property."); *Hill v. Best Med. Int'l, Inc.,* No. 07–1709, 2011 WL 6749036, *4 (W.D.Pa. Dec. 22, 2011) ("objective speciousness exists where there is a complete lack of evidence supporting plaintiff's claims." Id. at *4); *Precision Automation, Inc. v. Technical Services, Inc.,* No. 07–CV707–AS, 2009 WL 1162135, *6 (D.Or. Apr. 28, 2009) (attorney fees awarded because defendant established that Plaintiffs' trade secret claim against him was "objectively specious" and that plaintiff engaged in "subjective misconduct" by presenting misleading evidence. Id. at *3-4); *Sun Media Sys., Inc. v. KDSM, LLC,* 587 F.Supp.2d 1059, 1073 (S.D.Iowa 2008) (court found that "there was a complete lack of evidence" on virtually all elements of Plaintiff's trade secrets claim, which meant the claim "was objectively specious." Id. at *1075); *Rent Info. Tech., Inc. v. Home Depot U.S.A., Inc.,* 268 Fed.Appx. 555, 560 (9th Cir.2008) (Georgia UTSA) ("Subjective misconduct [or bad faith] exists where a plaintiff knows or is reckless in not knowing that its claim for trade secrets misappropriation has no merit." Id. at 560); *Berry v. Hawaii Exp. Serv., Inc.,* No. 03–00385 SOM/LEK, 2007 WL 689474, *13 (D.Hawai'i Mar. 2, 2007), *aff'd sub nom., Berry v. Dillon,* 291 Fed.Appx. 792 (9th Cir.2008) ("An objectively specious claim is one that is completely unsupported by the evidence or one that lacks proof as to one of its essential elements…A court may determine a plaintiff's subjective misconduct by examining evidence of the plaintiff's knowledge during certain points in the litigation and may also infer it from the speciousness of a plaintiff's trade secret claim." Id. at *13); *Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts,* 222 F.Supp.2d 733, 744 (D.Md.2002) (the judge noted that she had "no hesitation in concluding that Maryland's Court of Appeals would find persuasive the more workable 'objective speciousness' elaboration on the bad faith requirement applied in the state and federal cases construing the identical attorney's fees provisions in the California Uniform Trade Secrets Act" and that she was comfortable applying the *Stilwell* test. Id. at 745); *Norwood Operating Co. v. Beacon Promotions, Inc.,* No. 04–1390, 2006 WL 3103154, *2–3 (D.Minn. Oct. 31, 2006) (court did not award attorney fees to defendants because it found "genuine issues of material fact as to some elements" of plaintiff's claims, which meant they were not objectively specious. Id at *3); *Uhlig LLC v. Shirley,* No. 6:08–cv–01208–JMC, 2012 WL 3062659, *2 (D.S.C. July 26, 2012) (declined to award fees, involved jury verdict in plaintiff's favor); *Aquapower, LC v. Yurth,* No. 2:10–CV–568 TS, 2011 WL 772583, *1 (D.Utah Feb. 28, 2011) (court found defendants' claims for attorney fees "premature" because the plaintiff had been granted time to file an amended complaint but had not yet done so. Id. at *1); *Wyndham Vacation Resorts, Inc. v. Wesley Fin. Group,* No. 3:12–cv–559, 2013 WL 785938, *11 (M.D.Tenn. Feb. 28, 2013) (court decided defendants sufficiently stated a claim under UTSA but that it was premature to award fees because plaintiff's motion to dismiss defendants' counterclaims was only partially granted); Two California state decisions also subsequently adopted the *Stilwell* test for "bad faith." *Gemini Aluminum Corp. v. California Custom Shapes, Inc.* (2002) 95 Cal.App.4th 1249, 1261, 116 Cal.Rptr.2d 358; *SASCO v. Rosendin Elec., Inc.,* 143 Cal. Rptr. 3d 828, 840-843 (Ct. App. 2012).

5

purpose" motivating its claim. *Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 222 F. Supp. 2d 733, 744, 748 (D. Md. 2002).

Plaintiff seeks 12(b) (6) dismissal of Defendants' TUTSA counterclaim on the basis that Defendants "fail to assert even a single fact to support their bad faith claim." *Motion to Dismiss p.4.* Plaintiff is incorrect. Defendants plead more than sufficient facts to demonstrate the plausibility of their claim that Plaintiff's claim for misappropriation of trade secrets was brought in bad faith. In their First Amended Counterclaims, Defendants plead the following:

> Atlas sues Crosby and Legend under the Texas Uniform Trade Secrets Act. Atlas' allegations of misappropriation of trade secrets against Crosby and Legend are made in bad faith. Atlas' customer lists are nothing more than ordinary customer lists and are not trade secrets. Atlas' allegation that Crosby and Legend misappropriated its customer lists has no basis in fact and, as such, is made in bad faith. Crosby and Legend did not misappropriate any customer list or other trade secrets of Atlas. Atlas' allegation that Crosby and Legend are soliciting its customers by using Atlas' customer list is false and is without any basis in fact. Inasmuch as Atlas' allegations are made without any basis in fact or law they have been made in bad faith. In the event that Crosby and Legend are determined by the trier-of-fact or Court to be the prevailing parties as to Atlas' misappropriation of trade secrets/TUTSA claim, they are entitled to the recovery of their expenses including reasonable and necessary attorney's fees. Tex. Civ. Prac. & Rem. Code § 134A.005, for which amounts they now sue. *Defendants' First Amended Counterclaim, p. 4.*

Defendants offer well-pleaded facts in support of their counterclaim. Two of the three elements of a misappropriation of trade secrets claim are that a trade secret exists and there has been use of the trade secret without the authorization of the Plaintiff. *Wellogic, Inc. v. Accenture, L.L.P., 716 F.3d 867, 874 (5th Cir. 2013).* This Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to

the plaintiff." *Montoya v. FedEx Ground Package Sys. Inc.*, 614 F.3d 145, 146 (5th Cir. 2010). Defendants, in their counterclaim, plead sufficient facts to show that: (1) there are no trade secrets at stake, only ordinary customer lists and (2) they never misappropriated any customer lists or trade secrets of Atlas. If either allegation is true, which at this stage the Court must take the well pleaded facts as true, then Defendants certainly have pleaded a plausible basis that they are entitled to their reasonable attorney's fees. *See Generally*, *Berry v. Hawaii Exp. Serv., Inc., No. 03–00385 SOM/LEK, 2007 WL 689474, *13 (D.Hawai'i Mar. 2, 2007), aff'd sub nom., Berry v. Dillon, 291 Fed.Appx. 792 (9th Cir.2008* ("An objectively specious claim is one that is completely unsupported by the evidence or one that lacks proof as to one of its essential elements…A court may determine a plaintiff's subjective misconduct by examining evidence of the plaintiff's knowledge during certain points in the litigation and may also infer it from the speciousness of a plaintiff's trade secret claim.") Id. at *13.

### III. Prayer

Plaintiff's Rule 12(b)(6) Partial Motion To Dismiss Defendants' First Amended Counterclaims should be Denied.

7

Dated: March 19, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP

By:    */s/ Edward L. Friedman*
      Edward L. Friedman
      Texas Bar No. 07462950
      efriedman@bakerlaw.com
      Gabriel B. Collins
      Texas Bar No. 24092272
      gcollins@bakerlaw.com
      811 Main Street, Suite 1100
      Houston, TX 77002-6111
      Telephone: 713.751.1600
      Facsimile: 713.751.1717

ATTORNEYS FOR DEFENDANTS, NOW COUNTER-PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to all known counsel of record by filing this Notice through the Court's electronic filing system and by certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, on this 19th day of March, 2015, as follows:

BERG FELDMAN JOHNSON BELL, LLP
Geoffrey Berg (gberg@bfjblaw.com)
Kathryn E. Nelson
4203 Montrose Boulevard, Suite 150
Houston, Texas 77006

*Counsel for Atlas Commodities, LLC*

      */s/ Edward L. Friedman*
      Edward L. Friedman